The final case scheduled for oral argument this morning is number 20-3486, Gorbea v. Verizon New York. I understand that Ms. Gorbea is available. I hope I'm pronouncing your name correctly, that you are available via telephone. Is that right? Ma'am, are you there? Yes. Good morning. I'm here. Good morning. Have I pronounced your name correctly or could you say your name for me? You pronounced it correctly, Gorbea, Gorbea. It's both. I pronounced it Gorbea. Gorbea. Very good. Would you please proceed with your argument, Ms. Gorbea? You have four minutes. I was just wanting to bring this case to the court because Verizon, stemming from a termination of my employment in December 2016, I assert that there's disability discrimination, retaliation, a hostile work environment, under Title VII of the Civil Rights Act of 1964, 42 U.S.C. 2000, unlawful employment practices and accommodations and failure to accommodate under the Americans with Disabilities Act, that they engaged in unlawful interference with Family Medical Leave Act, unlawfully retaliated under the Family Medical Leave Act of Title VII of the Civil Rights Act of 1964. Claims of discrimination are all under the Human Rights Laws under the Second Circuit. I'm obviously not prepared the way I should be, but Verizon... Don't worry about that, Ms. Gorbea. You filed extensive papers and Verizon has filed its briefs and we'll consider them carefully. You should just highlight here anything you want us to make sure we pay special attention to. Well, that Verizon had briefed that we had a previous federal discrimination case that was resolved and presided over with Judge Matsumoto and Judge Bloom in 2014, where I was returned to work with Permanent Reasonable Accommodations as a field technician. Verizon, they engaged and disengaged and deprived me of the protective rights of personal property and retaliated and discharged my employment. Based on my request for medical leave for my PTSD, I was denied medical leave for PTSD. I was denied... I requested several times an accommodation. I requested accommodations on the job. I already had previous accommodations on the job and they didn't honor those previous accommodations. Ms. Gorbea, you had some accommodations when you were having back trouble, but more... Is that right? I had back... I had asthma and I also, during the first trial, it was submitted the medical evidence for my PTSD that was diagnosed in 2011. So when that was submitted for the previous case, they said it wasn't... And that's when it was resolved, the first case, and I was returned back to work because they hadn't allowed me to return to the work environment until we can come to some kind of resolution. So that took about four or five years. And then I returned to work with these accommodations and I was denied... I wasn't treated as the other employees were treated. They were given the work. I wasn't given work. I was told to go sit... I was verbally abused. I was psychologically abused. I was told just to be there and I was treated unfairly in the office. The district court said that there was no medical evidence. The district judge said there was no medical evidence. And I find that hard to understand how he can make a decision and error, basically, because there's all medical evidence in my case and Verizon engaged in the process and the state courts as they disputed the medical evidence for my disability. And there's social security doctors, the state IME doctors, my doctor. It's not that I just said I have a disability. There's credible medical evidence to support the PTSD, depression, anxieties, and my fibromyalgia, which is a new diagnosis. I'd never understood any of the symptoms that come from that. So when I come to work, they're harassing... I'm expecting to work and do my job and I'm being told to go home and I'm being told to get out of here. I'm being told, what are you doing here? I'm being told I'm being treated anyway. I tried to put in grievances and that's... It's not on the table for discussion because this is a mental health. And now they used that and used it against me. They didn't provide an accommodation. They mandated me to see the psychiatrist on the job. They mandated me to see outside treatment. I follow all their policies and procedures and then I get terminated on my termination letter. I'm going to interrupt you for a minute here. You've reserved a minute for rebuttal. Your time has expired. We're going to hear from Mr. Kasher about Verizon's point of view on what has happened. And as I said before, we will review your papers very carefully. Oral argument is just a supplement really to the briefs and you wrote extensively about your concerns. And we will look for the records associated with those and give your case every consideration. So we're going to turn to Mr. Kasher now and hear what he has to say. All right? Yes. Thank you, Judge. Thank you very much. Good morning, your honors. Good morning, your honors. May it please the court. Can everyone hear me okay? Yes. Thank you very much. Let me begin by saying that the district court properly granted Verizon's motion for summary judgment after having found as to the disability discrimination claim that there was a failure to provide adequate proof of a disability under the ADA, the New York state human rights law, and the New York City human rights law. The court properly found that even if Ms. Corbea were disabled, there was no dispute that she could not perform the essential functions necessary for her job as a field technician with or without reasonable accommodation. There is no dispute. There was no request for reasonable accommodation. And there was no dispute that Ms. Corbea effectively abandoned her job by ignoring repeated letters from Verizon that she acknowledged she received and that she acknowledged she never responded to. Let me address the point that Ms. Corbea raised regarding the earlier settlement. As Judge Carney properly noted, that case had to do with back injuries that Ms. Corbea had claimed that she sustained between 2005 and 2010. She had filed a claim in the Eastern District of New York for that Verizon, as part of that settlement, provided her with an accommodation that she did not have to climb ladders and that she did not have to lift any weight in excess of 25 pounds. Following that settlement, there were extensive absences by Ms. Corbea, even though she had indicated to the court during the settlement conferences that she very much wanted to That brings us to the summer of 2016, when Ms. Corbea had an altercation, a verbal altercation, with one of her managers. She then went out of work, claiming that she had a disability, a mental health issue. She submitted a request to MetLife, the third-party administrator for Verizon's short-term disability plan, and that request for short-term disability was denied by MetLife. Ms. Corbea understood the request had been denied. She also testified at her deposition that her doctors told her she was unable to return to work, with or without accommodation. She also admitted she was familiar with Verizon's policies about how to ask for a reasonable accommodation if she needed one, completing the forms and so forth, and acknowledged she never requested a reasonable accommodation. She acknowledged she was unable to return to work in any capacity. There is no dispute that a number of letters were sent to Ms. Corbea after that August 2016 absence on August 24th, September 7th, and December 1st. All of those letters, Ms. Corbea acknowledged receiving. Each time Verizon advised her that her short-term disability claim had been denied by MetLife, she was absent from work, she had to return to work, and if she needed an accommodation, she should tell Verizon and request one. She admitted, Ms. Corbea admitted, that she never responded to any of those letters. In the middle of December, on December 12th, 2016, MetLife sent Ms. Corbea a letter explaining in detail the basis for its denial of her short-term disability claim. Verizon then followed up with a fourth letter on December 22nd, 2016, advising her again to work or to request an accommodation. Ms. Corbea admitted she never responded. Finally, there was the termination letter that was sent to her on December 29th, 2016. The EEOC charge that Ms. Corbea filed in this case on March 17th, 2017, related to disability discrimination claim arising out of that August 2016 request for disability leave. In essence, she is trying to litigate a denial of her disability claim in this court, which is not proper. She could have pursued that as an ERISA claim. If she had issues with her denial, she admitted she did not. There are no further questions or any questions I should say from the court. Thank you very much for your time and consideration. Thank you. Thank you, Mr. Kasher. Ms. Corbea, you have a minute of rebuttal, if you'd like to take a minute to respond. Honey, everything that he's saying as far as me admitting to not requesting a reasonable accommodation is false. Even during the deposition, he asked, am I correct, Ms. Corbea? Am I looking through these pages and I'm seeing that there are actual allegations? Am I correct that you don't? And I answered no, meaning he's not correct. Am I about that? That's correct. The answer no, that that's correct, was referring to he is not correct and I did request a reasonable accommodation from ERISA. I requested my reasonable accommodation on September 4th. I requested one on April 11th of 2016. I requested one on August 8th of 2016. I requested on August 9th of 2016. I requested on October 4th of 2016. And I also requested to my support dog as a reasonable request and everyone just laughed at me in the workplace for my safety because there was fear of me coming into the workplace at this point in time. Ms. Corbea, your time has expired. You just had a minute of rebuttal. And as I said, we're going to look closely at the record and at your papers and we'll render a decision in writing as soon as we can. Well, can I add one more thing as far as their benign neglect of receiving because they they sent it but they don't communicate amongst each other. Verizon sends something, MetLife sends something and they don't communicate with I responded to each one of each of them and I provided that those dates and the information with the court and I was under the doctor's care the whole time. So I'm not accepting my disability that creates an unsafe toxic environment for me. All right, Ms. Corbea, we'll look closely at the record with what you have just said in mind. So thank you very much for your argument. Mr. Kasher, thank you as well. We will reserve decision. And that concludes our oral arguments for today. The clerk will please adjourn court. Thank you very much. Thank you very much. Thank you.